UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ervin Lamar James, | Case No. 24-cv-179 (DSD/JFD) |
| Plaintiff, | **Amended Complaint** |
| v. | Jury Trial Demanded |
| Mihai Strogoteanu, acting in his individual capacity, and Taylor Joseph Carter, acting in his individual capacity, | Fed. R. Civ. P. 38(b) |
| Defendants. | |

For his Complaint, Plaintiff Ervin Lamar James ("James") states and alleges as follows:

## PARTIES AND VENUE

1. Plaintiff Ervin Lamar James is a resident of Minnesota. James is currently incarcerated in MCF Faribault.

2. Defendant Mihai Strogoteanu ("Strogoteanu") is, upon information and belief, a citizen of Minnesota. Strogoteanu served as a Minnesota State Patrol Trooper on or about October 13, 2022. The Minnesota State Patrol is a division of the Minnesota Department of Public Safety and is a Minnesota state agency. Strogoteanu acted under color of state law at all material times. He is sued in his individual capacity.

3. Defendant Taylor Joseph Carter ("Carter") is, upon information and belief, a citizen of Minnesota. Carter served as a Minnesota State Patrol Trooper on or about October 13, 2022. The Minnesota State Patrol is a division of the Minnesota Department

1

of Public Safety and is a Minnesota state agency. Carter acted under color of state law at all material times. He is sued in his individual capacity.

## **JURISDICTION**

4. James brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3). These statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

5. State-law claims stated herein arise from the same case or controversy as the claims providing original jurisdiction. Supplemental jurisdiction over those claims is appropriate pursuant to 28 U.S.C. § 1367(a).

6. The events giving rise to this action occurred in Minnesota. Venue is proper under 28 U.S.C. § 1391(b)(2).

## **FACTUAL ALLEGATIONS**

7. On or about October 13, 2022, James was driving a vehicle when Strogoteanu attempted to stop James. Carter also participated in efforts to stop James.

8. During the pursuit, James exited his vehicle and was on foot.

9. During the pursuit, James was struck by a defendant's squad car while James was on foot.

10. Upon information and belief, the conduct of each defendant during the pursuit contributed to James being struck by a squad car.

11. When James was struck, he did not pose a safety threat, and the defendant's striking of James was not otherwise justified.

12. The collision caused significant physical injury to James. Among other injuries, James suffered significant injury to his arm and hand, requiring surgery.

13. James also suffered mental trauma and other harms due to the collision.

## CAUSES OF ACTION

**Count 1 – 42 U.S.C. § 1983 – Fourth Amendment Violation: Excessive Force**

14. James realleges all allegations of this Complaint as if fully stated herein.

15. The defendants acted under color of state law while performing the acts described herein.

16. The defendants deprived James of his Fourth and Fourteenth Amendment rights through the actions described herein.

17. A defendant used deadly force against James in a manner not permitted by law and in a manner that violated James' Fourth and Fourteenth Amendment rights by striking James with a squad car. Upon information and belief, both defendants contributed to James being struck by the squad car due to their conduct during the pursuit.

18. The defendants' actions violated constitutional rights that were clearly established on or about October 13, 2022.

19. As direct and proximate result of the acts of the defendant, James suffered injuries and other harms that entitle him to damages.

20. The defendants subjected James to deprivation of his rights in such a manner as to render the defendants liable for punitive damages.

21. The manner in which the defendants deprived James of his rights supports an award of punitive damages, which are necessary to deter further improper conduct.

22. James is entitled to fully recover his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

### Count 2 – Battery

23. James realleges all allegations of this Complaint as if fully stated herein.

24. A defendant intentionally struck James with a squad car. Upon information and belief, both defendants engaged in conduct that contributed to James being struck by a squad car.

25. A defendant's striking of James was not justified by law and was unpermitted force.

26. The unpermitted force caused James significant physical and mental injuries.

27. The defendants' actions were willful and malicious.

28. James is entitled to damages and other relief due to the intentional and unpermitted force used by the defendants.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ervin Lamar James prays for judgment as follows:

1. That the Court find the defendants liable for the claims asserted;

2. A money judgment against the defendants for compensatory, punitive, and other damages, together with costs, including reasonable attorneys' fees under 42 U.S.C. § 1988 and prejudgment interest; and

3. For such other and further relief as this Court may deem just and equitable.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: February 8, 2024

**LAW OFFICE OF ERIC A. RICE, LLC**

*s/Eric Rice*
Eric A. Rice (MN #0388861)
1 W. Water St., Ste. 275
St. Paul, MN 55107
P: (651) 998-9660
F: (651) 344-0763
eric@ricedefense.com

Attorney for Plaintiff Ervin Lamar James